Sharon LEWIS, individually and as Successor in Interest to Brian Scott Lewis, Plaintiff–Appellant,

and

Bridget Houseman, Plaintiff,

v.

COUNTY OF RIVERSIDE, Defendant,

and

Matthew Hunter, Defendant–Appellee.

No. 06–55764.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Dec. 12, 2007.

Brian T. Dunn, Los Angeles, CA, for Plaintiff–Appellant.

Arthur K. Cunningham, Esq., Lewis, D'Amato, Brisbois & Bisgaard LLP, San Bernardino, CA, for Defendant/Defendant–Appellee.

Christopher D. Lockwood, Esq., Arias & Lockwood, Sam Bernardino, CA, for Defendant–Appellee.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM **

Sharon Lewis ("Lewis") appeals the district court's judgment for defendant Deputy Matthew Hunter ("Hunter") after a jury trial in Lewis's 42 U.S.C. § 1983 action against Hunter for excessive force in the fatal shooting of her husband Brian Lewis ("Mr. Lewis").

Appellee's jurisdictional and procedural arguments are unavailing. This court has jurisdiction to review the appeal, which was timely filed pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i). An adequate record was designated pursuant to Federal Rule of Appellate Procedure 10(b)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We uphold a jury's verdict if it is supported by "substantial evidence," which is evidence "adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion" from the same evidence. *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 651 n. 5 (9th Cir.2005). We review de novo the denial of a motion for judgment as a matter of law; such a judgment is proper "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002).

An officer's use of deadly force is reasonable if he "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). The reasonableness of the officer's conduct is evaluated with "careful attention to the facts and circumstances of each particular case," including (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The inquiry is whether the officer's actions were objectively reasonable, allowing "for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving." *Id.* at 396–97, 109 S.Ct. 1865.

Hunter's use of lethal force was objectively reasonable. Prior to the fatal shot, Mr. Lewis had ignored Hunter's escalating use of force and repeated orders to submit to a pat down. Mr. Lewis had disarmed Hunter of his baton and, at the time of the shots, was holding the baton as Hunter lay prone. The jury's verdict was therefore supported by substantial evidence in the record that Hunter objectively had probable cause to fear serious physical injury. Because the jury's verdict is supported by substantial evidence, the district court did not err in denying Lewis's motion for judgment as a matter of law.

We AFFIRM.